IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHAUTAUQUA AIRLINES, INC., REPUBLIC AIRLINE INC., and SHUTTLE AMERICA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL UNION NO. 357 and CRAIG A. MOFFATT,<br><br>Defendants. | CIVIL ACTION NO. 1:12-cv-398 |

**VERIFIED COMPLAINT**

Plaintiffs Chautauqua Airlines, Inc., Republic Airline Inc., and Shuttle America, Inc. (collectively "Republic," the "Companies" or "Plaintiffs") bring this action against Defendants International Brotherhood of Teamsters, Local Union No. 357 ("IBT," "Union" or "Local 357") and Craig A. Moffatt, and state as follows:

PARTIES

1. Plaintiffs Chautauqua Airlines, Inc. ("Chautauqua"), Shuttle America, Inc. ("Shuttle"), and Republic Airline Inc. ("Republic Airlines") are regional air carriers based in Indianapolis, Indiana. Plaintiffs are wholly-owned subsidiaries of Republic Airways Holdings, Inc. ("RAH").

2. All plaintiffs are parties to a collective bargaining agreement between the Companies and the Union, which represents the pilots employed by the Companies, and the pilots of all three airlines are on a merged seniority list. Chautauqua, Shuttle and Republic Airlines are "common carrier[s] by air engaged in interstate or foreign commerce" within the

meaning of 45 U.S.C. § 181 and are, therefore, subject to the Railway Labor Act, 45 U.S.C. §§ 151, et seq., ("RLA" or the "Act").

3. Local 357 is an unincorporated association doing business as a labor organization with its principal offices within this judicial district in Plainfield, Indiana. The Union is the certified collective bargaining "representative" (as that term is used in Section 1, Sixth of the RLA, 45 U.S.C. § 151, Sixth) of the Companies' approximately 2000 pilots.

4. Craig A. Moffatt ("Moffatt") is the President of Local 357. He is a resident of Wisconsin, but conducts business in this judicial district on a regular basis such that he has subjected himself to this Court's jurisdiction.

5. The Union and Moffatt may be referred to collectively as "Defendants."

## JURISDICTION AND VENUE

6. This action arises under the RLA, an Act of Congress regulating commerce. This Court has original subject matter jurisdiction over this action under both 28 U.S.C. § 1331, in that this is an action arising under the laws of the United States, and 28 U.S.C. § 1337(a), and in that this is a civil action arising under an Act of Congress regulating commerce or protecting trade.

7. Venue is proper in this Court under 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district and Defendants do business in the Southern District of Indiana.

## BACKGROUND OF THE DISPUTE

8. Plaintiffs are regional airlines that fly passengers under code-share agreements with other airlines in the United States and other countries with company-owned aircraft. Their

code-share partners include nearly all the major airlines, including United/Continental, Delta and US Airways.

9. The plaintiff airlines operate Embraer 190, 170/175 and 140/145 aircraft, as well as Canadair and Q400 aircraft, servicing approximately 90 cities in the United States and abroad.

10. Plaintiffs and the Union are parties to a collective bargaining agreement dated October 17, 2003 (the "Agreement"). A true and accurate copy of the Agreement is attached hereto as Exhibit 1. Teamster Local No. 747 was an original signatory to the Agreement, but it was placed in receivership by the International Brotherhood of Teamsters in the spring of 2009. Local 357 became a successor to Local 747 and is now responsible for the representation of the Companies' pilots.

11. The Agreement concerns rates of pay, rules, and working conditions for Republic's Union-represented employees.

12. Pursuant to Article 25 of the Agreement (Duration), Plaintiffs and the Union have been engaged in collective bargaining, under Section 6 of the RLA, 45 U.S.C. § 156, for a successor labor agreement, since June 6, 2007. The receivership of Local 747 caused delays in the negotiations. Further delays were caused by a protracted seniority integration dispute among the Union and the unions representing the pilots of Midwest Airlines and Frontier Airlines after Republic's acquisitions of those airlines in 2009. On or about December 21, 2010, the Union withdrew all its earlier negotiating proposals and tentative agreements, and the negotiations essentially started over again, thus, causing further delays in negotiations.

13. Plaintiffs and the Union have been in mediated negotiations under the auspices of the National Mediation Board, pursuant to Section 6 of the RLA since June 2, 2011.

14. Plaintiffs are in a very competitive business for code-share flying with major airlines. If Plaintiffs are unable to attract enough pilots to enable them to conduct their contracted-for flying, their code-share partners will award the flying to Plaintiffs' competitors. Due to a shortage of pilots, Plaintiffs have recently begun recruiting new pilots in a very competitive market.

15. The Defendants are well aware of the foregoing. In an effort to disrupt the Plaintiffs' recruiting efforts, and thus the Plaintiffs' operations, the Union, under the direction of Defendant Moffatt and with other Union officials, is maintaining a website entitled "RAH Contract NOW! | Teamsters Local 357" located at www.RAHContractNow.org ("the Website").

16. Upon information and belief, the Website was created at the request of and/or with the consent of Defendant Moffatt.

17. A true and accurate copy of the Website as it existed on March 26 is attached hereto as Exhibit 2. By letter dated March 20, 2012, the Union acknowledged that it owned the Website. Exhibit 3.

18. The sole purpose of the Website is to deter pilots from coming to work for Plaintiffs. Its headline is: "Why shouldn't you work at Republic?" It goes on to acknowledge its purpose by stating: "It may seem counterintuitive for us to deter you from working for us . . . ." It states that "this company is probably not in your best interest to contribute your professional skills and talents."

19. The Website further falsely says that in the event of a strike, Plaintiffs will fire probationary pilots, including their newly-hired pilots, stating: "If you are hired, you will be placed on a probationary period for one year. If the pilots should strike while you are on

4

probation, you will face a very difficult choice: strike with us and be fired by the company, or cross a picket line and earn the black mark of a scab."

20. This false statement is plainly designed to frighten potential applicants into believing, incorrectly, that they will be fired in the event of a strike if they support the Union. Further, while the Website professes to the prospective pilots that they will be welcomed by the Union, it ominously states that: "the Union will have a much harder time if you do not have a grasp of the way things really are." This is a veiled threat to the prospective pilots that the Union will not appreciate their accepting jobs with Plaintiffs since doing so would undermine the Union's efforts to disrupt Plaintiffs' operations by impeding the flow of new pilots into its operations in furtherance to the Union's collective bargaining goals. Pilots who read this will reasonably conclude that the Union may retaliate against them if they accept employment with Plaintiffs.

21. The Union has advertised the Website on other websites frequented by pilots such as "Airline Pilot Central." The advertisement reads: "This REGIONAL Airline is hiring pilots. THINK. TWICE." By clicking on the advertisement, the pilot is directed to www.RAHContractNow.org. A true and accurate copy of the advertisement as it existed on March 20 is attached hereto as <u>Exhibit 4</u>.

22. It takes approximately three months to recruit and train a pilot before the pilot can fly the Plaintiffs' lines. If Plaintiffs are unable to recruit pilots in sufficient numbers now, they will be unable to meet their commitments to their code-share partners in coming months and service will be interrupted.

23.     The maintenance or support of this website by Local 357 is unlawful self-help by the Union and its constituents in an effort to compel Plaintiffs to agree to its proposals during Section 6 bargaining.  It is, in other words, an attempt by Local 357 and its constituents to change the parties' labor agreement through self-help rather than through the bargaining process.

24.     It is clear that Defendants do not intend to cease their efforts to disrupt Plaintiffs' operations.  By letter dated March 21, Plaintiffs demanded that Defendants cease such activities.  A true and correct copy of this letter is attached as <u>Exhibit 5</u>.  Defendants have failed and refused to do so.  Indeed, Defendants have increased and broadened the nature of these threats to disrupt Plaintiffs' operations.

25.     As a result of these inaccurate statements, Republic has had an increase in the number of pilots who have not called back for interviews and dropped out of the application process.

26.     Unless the Court enjoins the maintenance of the Website and requires Local 357 to take strong affirmative action requiring its constituency to cease engaging in similar activities while the processes of Section 6 are in effect, Plaintiffs will continue to suffer disruption to their pilot hiring process and thus to their ability to provide services to their code-share partners.

IRREPARABLE INJURY

27.     Plaintiffs are in a fiercely competitive business and can ill afford to upset or lose customers. Defendants' self-help activities jeopardize Plaintiffs' reputations as reliable air carriers, and their relations with their customers, as well as the jobs of Plaintiffs' union and nonunion employees.

28.     No money judgment against Local 357 could adequately compensate Plaintiffs for the financial and operational injuries, and damage to their collective reputation caused by the

disruption to the hiring processes for which the Defendants are responsible. Plaintiffs have no adequate remedy at law, as the harm caused to Plaintiffs will be irreversible, incalculable, and otherwise irreparable.

29. Plaintiffs have satisfied all of their legal obligations in connection with this dispute.

## COUNT I
### Violation of Section 6 of the Railway Labor Act (Illegal Self Help In Major Dispute)

30. Republic incorporates by reference Paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. Section 6 of the RLA, 45 U.S.C. § 156, requires parties engaged in direct Section 6 negotiations for a revised collective bargaining agreement to maintain the status quo. For represented employees, this means that they are forbidden from engaging in self-help intended to interfere with or disrupt their employer's operations. For the union that represents those employees, that status quo obligation means that it is forbidden from taking any action to cause, encourage, coordinate or facilitate unlawful self-help by those employees. It also means that the union has an affirmative obligation – regardless of whether it is in any way responsible for the employees undertaking unlawful actions – to take all reasonable measures to prevent those employees' unlawful self-help from commencing, and to stop it if it has begun. The Union has complied with none of those legal obligations and thus has violated Section 6 of the RLA.

32. The purpose of the Website owned and maintained by Local 357 is to compel Plaintiffs to accede to Local 357's demands in Section 6 negotiations. That conduct violates Section 6 of the RLA because it is self-help in support of what is termed, in RLA parlance, a "major dispute," and does so before the parties have been released to lawful self-help.

33. In the absence of voluntary negotiations, the procedures set forth in Section 6 of the RLA represent the mandatory mechanism for changing the terms of an RLA collective bargaining agreement. Defendants' interference with Plaintiffs' hiring process violates Section 6 of the RLA because it is intended to force Plaintiffs to accede to the Union's collective bargaining demands. It is, in other words, intended to change the parties' Agreement by means of self-help rather than through negotiations.

COUNT II
Violation of Section 2, First of the Railway Labor Act

34. Republic incorporates by reference Paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. Section 2, First of the Railway Labor Act, 45 U.S.C. § 152, First, requires air carriers and labor organizations representing their employees to "exert every reasonable effort to make and maintain agreements concerning rates of pay, rules, and working conditions, and to settle all disputes, whether arising out of the application of such contracts or otherwise, in order to avoid any interruption to commerce or to the operation of any carrier growing out of any dispute between the carrier and the employees thereof."

36. The on-going campaign by Defendants, including discouraging pilots from applying for employment with Plaintiffs, in an effort to injure Plaintiffs, violates the Defendants' mandatory duty to exert every reasonable effort to resolve its major disputes with Plaintiffs, prior to a release to lawful self-help, without causing "any interruption to commerce or to the operation of any carrier. . . ." This situation requires the Court's immediate intervention to enforce federal law.

## COUNT III
## Breach Of Contract (Against the Union Only)

37. Republic incorporates by reference Paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. As stated above, Republic and the Union are currently parties to a collective bargaining agreement that remains in full force and effect.

39. Under Article 1.B. of the Agreement, the Teamsters are obligated to cooperate fully and maintain the profitability of the Plaintiffs' airlines.

40. The Union's assistance in creating, maintaining, and/or refusing to encourage its members to take down the Website is damaging Republic's reputation and interfering with Republic's business operations.

41. As a result, the Union has and is continuing to damage the profitability of Republic.

42. Accordingly, the Union's actions and/or inactions constitute a material breach of the Agreement.

43. As a direct and proximate result of the Union's breaches of the Agreement, Republic has suffered damages, which are difficult, if not impossible, to calculate and as a result cannot be remedied by monetary recovery.

44. Republic has and continues to fully perform all of its obligations under the Agreement.

## COUNT IV
## Common Law Defamation (Against All Defendants)

45. Republic incorporates by reference Paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46. As set forth above in Paragraphs 19-20, Defendants have published written statements about Republic which are false and disparaging.

47. Upon information and belief, Defendant Moffatt specifically authorized the false and disparaging statements referenced above.

48. Defendants have made these statements with malice and without justification or privilege as Defendants have refused to remove the false and disparaging statements despite request from Plaintiffs.

49. In publishing the defamatory statements regarding Republic, Defendants have acted with malice and deliberate intent to damage Republic's reputation and business.

50. As a direct and proximate result of Defendants' defamatory and disparaging statements, Republic has sustained substantial damages—including, but not limited to, lost business opportunities, damage to reputation, and increased expenses to correct the misstatements and counter the defamation—all for which Defendants are liable.

COUNT V
Common Law Trade Disparagement (Against All Defendants)

51. Republic incorporates by reference Paragraphs 1 through 50 of this Complaint as if fully set forth herein.

52. As set forth above in Paragraphs 19-20, incorporated by reference, Defendants have published written statements about Republic which are false and disparaging.

53. Upon information and belief, Defendant Moffatt specifically authorized the false and disparaging statements referenced above.

54. Defendants have made these statements in a deliberate and calculated scheme to undermine Republic's trade and business.

55. Defendants have attempted to deter potential job applicants from doing business with Republic by making false and disparaging statements regarding Republic.

56. As a direct and proximate result of Defendants' defamatory and disparaging statements, Republic has sustained substantial damages to its trade and business—including, but not limited to, lost business opportunities, damage to reputation, and increased expenses to correct the misstatements and counter the disparagement—all for which Defendants are liable.

COUNT VI
Tortious Interference With a Business Opportunity (Against All Defendants)

57. Republic incorporates by reference Paragraphs 1 through 56 of this Complaint as if fully set forth herein.

58. As set forth above in Paragraphs 19-20, incorporated by reference, Defendants have published false statements on the Website designed to reach potential job applicants of Republic.

59. Defendants have also established links on other websites directing potential job applications to the Website, including without limitation advertisements on pilot employment message boards containing  links to the Website.

60. Due to a shortage of pilots, Plaintiffs have recently begun recruiting new pilots in a very competitive market.

61. Defendants are well aware that Plaintiffs are actively recruiting new pilots.

62. To disrupt Plaintiffs' recruiting efforts and, thus, intentionally interfere with Plaintiffs' business opportunities, Defendants made the false statements on the Website maliciously, and for the sole purpose of damaging the business of Republic.

63. The actions of Defendants were not justified or excused, but were taken solely for the purpose of injuring the business of Republic.

64. As a result of these false and malicious acts and statements, Republic has had an increase in the number of pilots who have not called back for interviews and dropped out of the application process.

65. As a direct and proximate result of Defendants' tortious interference, Republic has suffered harm, and is entitled to recover damages against Defendants in an amount sufficient to compensate Republic for all losses caused by Defendants' actions.

## COUNT VII
### State Common Law Unfair Competition (Against All Defendants)

66. Republic incorporates by reference Paragraphs 1 through 65 of this Complaint as if fully set forth herein.

67. Defendants have made false and/or misleading descriptions and representations of fact in connection with the valuable marks owned by Republic.

68. Defendants, through their intentionally tortious, otherwise unlawful, and/or wrongful acts have engaged in unfair competition, directly and/or proximately causing Republic monetary damages, including but not necessarily limited to injury to its goodwill and business reputation, injury to the valuable marks owned by Republic, loss of profits, and/or loss of revenue.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully requests that this Court provide the following relief:

(1) Issue a preliminary injunction, and a permanent injunction:

    (a) restraining and enjoining Moffatt and Local 357 and its officers, members, and representatives and all persons acting by, in concert with, through, or under them and each of them, or by and through their orders, and all others acting or participating with them from calling for, permitting, instigating, authorizing, encouraging, participating in, approving of, commencing, or continuing, in connection with the parties' Section 6 negotiations or over or any other major dispute contemplated by the Railway Labor Act, any disruption, curtailment, or restriction of normal airline operations, including but not limited to maintaining the Website discouraging pilots from applying for employment with Plaintiffs and all acts in furtherance or in support thereof;

    (b) directing Moffatt and Local 357 and said persons to take all steps in their power to prevent said disruption of normal airline operations from commencing or from continuing if commenced, including sending a letter to all its members stating that Local 357 has violated the Railway Labor Act by maintaining the Website discouraging pilots from applying for employment with Plaintiffs and directing its members to refrain from or cease all such activities immediately; and

    (c) any other injunctive relief that the Court deems appropriate.

(2) Issue a declaratory judgment that Defendants' actions complained of herein, undertaken by them against Plaintiffs, without compliance with the procedures required by the Railway Labor Act, constitute joint and individual violations of Sections 2, First, and 6 of the Railway Labor Act, 45 U.S.C. §§ 152, First; 156.

(3) Award damages against Defendants in such amount as may be proven at trial, together with such other relief as this Court may deem proper, including costs and attorneys' fees.

## VERIFICATION OF COMPLAINT

On behalf of Plaintiffs Chautauqua Airlines, Inc., Shuttle America, Inc. and Republic Airline Inc., the undersigned states under penalty of perjury pursuant to 28 U.S.C. § 1746 that the facts and allegations contained therein are true and correct, except so far as they are therein stated to be on information, and that, so far as they are therein stated to be on information, she/he believes them to be true.

*[signature]*
Paul Kinstedt
Vice President, System Control
Chautauqua Airlines, Inc.
Republic Airline Inc.
Shuttle America, Inc.

Executed this 28th day of March, 2012.

Respectfully submitted,

s/David J. Carr
David J. Carr (Atty. No. 4241-49)
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, Indiana 46282-0002
Telephone: (317) 236-2100
Fax: (317) 592-4810
E-mail: david.carr@icemiller.com

Dannie B. Fogleman (Pro Hac Vice Pending)
FORD & HARRISON LLP
1300 19th Street, NW
Suite 700
Washington, DC 20036
Telephone: (202) 719-2014
Fax: (202) 719-2077
Email: dfogleman@fordharrison.com

*Attorneys for Plaintiffs Chautauqua Airlines, Inc., Republic Airline Inc., and Shuttle America, Inc.*