UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHAUTAUQUA AIRLINES, INC., *et al.*, | ) |
|     *Plaintiffs*, | ) |
| | ) |
|     *vs.* | )  1:12-cv-398-JMS-MJD |
| | ) |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, | ) |
| | ) |
|     *Defendant.* | ) |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

Presently pending before the Court in this labor dispute is Defendant International Brotherhood of Teamsters, Local Union No. 357's ("the Union") Motion to Dismiss, [dkt. 31], the federal claims in Plaintiffs Chautauqua Airlines, Inc.'s, Shuttle America, Inc.'s, and Republic Airline, Inc.'s ("the Airlines") Complaint for alleged violations of the Railway Labor Act ("RLA") and various state common-law claims.  For the following reasons, the Court finds that the Airlines' federal claims against the Union are moot and dismisses them for lack of jurisdiction.  The Court relinquishes supplemental jurisdiction over the Airlines' state law claims and dismisses them without prejudice to be filed in state court, should the Airlines choose to do so.

**I.**
**BACKGROUND**

The Airlines are regional air carriers based in Indianapolis and are wholly-owned subsidiaries of Republic Airways Holdings, Inc. ("RAH"). [Dkt. 1 at 1 ¶ 1.]  The Union represents the pilots employed by the Airlines.  [*Id.* at ¶ 2.]  The Airlines and the Union are parties to a collective bargaining agreement dated October 17, 2003, and have been engaged in collective bargaining since June 6, 2007.  [*Id.* at 3 ¶¶ 10, 12.]  The parties have been in mediated negotiations with the National Mediation Board since June 2, 2011.  [Dkt. 1 at 3 ¶ 13.]

On March 28, 2012, the Airlines filed a Complaint against the Union, alleging that the Union violated Sections 2 and 6 of the RLA by engaging in unauthorized self help and by failing to exert every reasonable effort to resolve the parties' major dispute without causing an interruption to the Airlines' operation.[1]  [Dkt. 1 at 7-8.]  The Airlines allege that they are attempting to recruit enough pilots to allow them to conduct their business but that the market to do so is very competitive.  [Dkt. 1 at 4 ¶ 14.]  The Airlines contend that a website operated by the Union ("the Website") is attempting to disrupt the Airlines' recruiting efforts and that the "sole purpose of the Website is to deter pilots from coming to work for [the Airlines]."  [Dkt. 1 at 4 ¶¶ 14, 18.]  The Union has not denied that it controls the Website.

The Airlines point to three statements on the Website that they allege contain coercive and threatening language "designed to frighten potential applicants[:]"

- "It may seem counterintuitive for us to deter you from working for us . . . [but] this company is probably not in your best interest to contribute your professional skills and talents."

- "If you are hired, you will be placed on a probationary period for one year.  If the pilots should strike while you are on probation, you will face a very difficult choice:  strike with us and be fired by the company, or cross a picket line and earn the black mark of a scab."

- "The Union will have a much harder time if you do not have a grasp of the way things really are."

[Dkt. 1 at 4-5 at ¶¶ 18-20.]

The Airlines initially alleged that "[a]s a result of these inaccurate statements [on the Union's Website, the Airlines have] had an increase in the number of pilots who have not called back for interviews and dropped out of the application process."  [Dkt. 1 at 6 ¶ 25.]  The Airlines

---

[1] The Airlines also allege five claims based on state law.  [Dkt. 1 at 9-12.]  The Union requests that the Court relinquish supplemental jurisdiction over the state-law claims if it dismisses the federal claims at issue in this motion.  [Dkt. 31-1 at 1, 15.]

contend that if they "are unable to recruit pilots in sufficient numbers now, they will be unable to meet their commitments to their code-share partners in coming months and service will be interrupted." [Dkt. 1 at 5 ¶ 22.] Unless the Court "enjoins the maintenance of the Website . . . [the Airlines contend they] will continue to suffer disruption to their pilot hiring process and thus to their ability to provide services to their code-sharing partners." [*Id.* at 6 ¶ 26.]

The same day it filed its Complaint, the Airlines also filed a Motion for Preliminary Injunction. [Dkt. 3.] Briefing on the preliminary injunction request was expedited, [dkt. 17], and in addition to responding to the Airlines' injunction request, the Union filed a Motion to Dismiss the Airlines' federal claims, [dkt. 31]. A hearing was set for May 2, 2012; however, on April 27, 2012, the Airlines moved to withdraw their motion for preliminary injunction, [dkt. 45]. In that filing, the Airlines represented to the Court that

> 2. Since the filing of the lawsuit, significant pilot furloughs have occurred at Pinnacle Airlines (apparently due to its filing for bankruptcy), as well as other regional airlines. These furloughs at other carriers have resulted in a significant increase in the number of pilots in the marketplace and an increase in the number of pilots applying to Plaintiffs.
>
> 3. Due to the foregoing, Plaintiffs do not believe that immediate emergency injunctive relief is necessary at this time.

[Dkt. 45 at 1-2.] Based on these representations, the Court vacated the hearing. [Dkt. 46.] Briefing continued on the Union's motion to dismiss, which is now ripe for a ruling.

## II.
### STANDARD OF REVIEW

In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). The Federal Rules of Civil Procedure require only that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds

upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007)). Nonetheless, "a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007) (synthesizing *Erickson* and *Twombly*). In that circumstance, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is proper. A motion filed under that rule asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. 544). For the purposes of that rule, the Court will ignore legally conclusory allegations. *Id.* at 1949-50 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."). The Court will, however, give the complaint the benefit of reasonable inferences from all non-conclusory allegations. *See id.*

A judicial admission is a statement by a party that negates a factual claim the party is making. *Robinson v. McNeil Consumer Healthcare*, 615 F.3d 861, 872 (7th Cir. 2010). In order to qualify as a judicial admission, the statement must be "deliberate, clear, and unambiguous." *Id.* A judicial admission is binding on the party making it and "ha[s] the effect of withdrawing a fact from contention." *Keller v. United States*, 58 F.3d 1194, 1199 (7th Cir. 1995). A representation in a filing may be treated as a judicial admission even if it is not made in the context of a pleading or an affidavit. *See United States v. One Heckler-Koch Rifle*, 629 F.2d 1250, 1253 (7th Cir. 1980) (holding that a representation in a brief, although "neither in a pleading nor an affidavit," nonetheless "may be treated as a judicial admission").

## III.
### DISCUSSION

#### A. Standing vs. Mootness

The Union argues that the Airlines lack standing to bring these claims because they have not suffered an injury-in-fact and, accordingly, there is no case or controversy for the Court to adjudicate. [Dkt. 50 at 4-5.] The Union emphasizes that after it filed its motion to dismiss, the Airlines admitted in a filing that they no longer need immediate injunctive relief on their federal claims; thus, there is no longer a federal case or controversy for this Court to resolve.[2] [*Id.*]

The Airlines argue that the Court's jurisdiction is analyzed at the time it is invoked and that "a change in facts after the current lawsuit was filed does not impact this Court's subject matter jurisdiction analysis." [Dkt. 55 at 6.] Therefore, the Airlines argue that they have standing to continue to pursue their claim despite the admitted "current absence of a need for emergency injunctive relief." [*Id.*]

Article III of the United States Constitution limits the power of the federal courts to adjudicating actual cases or controversies. U.S. Const. art. III, § 2. There are three requirements of the case-or-controversy standing: 1) an injury-in-fact, 2) that is fairly traceable to the defendant's action, and 3) that is capable of being redressed by a favorable decision from the Court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The asserted injury must be both concrete and particularized and actual or imminent, not conjectural or hypothetical. *Id.* A plaintiff must demonstrate standing separately for each form of relief sought. *Parvati Corp. v. City of*

---

[2] The Union raises this argument for the first time in its reply. [Dkt. 50 at 4-5.] Although the Court normally does not address arguments raised for the first time in a reply, jurisdictional doctrines represent a fundamental limitation on this Court's authority to decide cases, *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Additionally, because the Union's argument is based on representations the Airlines made after the Union filed its motion to dismiss, the Union could not have raised this argument in its opening brief. At the Court's direction, the Airlines filed a surreply on this issue. [Dkts. 54; 55.]

*Oak Forest, Ill.*, 630 F.3d 512, 516 (7th Cir. 2010) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 185 (2000)).

"When a party with standing at the inception of the litigation loses it due to intervening events, the inquiry is really one of mootness." *Parvati Corp. v. City of Oak Forest, Ill.*, 630 F.3d 512, 516 (7th Cir. 2010) (citing *Friends of the Earth*, 528 U.S. at 189). Mootness is "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Id.* A case is moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Olson v. Brown*, 594 F.3d 577, 580 (7th Cir. 2010). Whether a case is moot is a question of law. *Id.*

Although the Union and the Airlines frame their arguments in terms of the jurisdictional doctrine of standing, they really are arguing about the closely related doctrine of mootness. It is undisputed that the Airlines' representations occurred "[s]ince the filing of this lawsuit." [Dkt. 45 at 1.] Although the Airlines are correct that certain events that occur after jurisdiction is invoked cannot divest the Court of jurisdiction (such as when a party who invoked diversity jurisdiction subsequently moves to a state that would destroy diversity jurisdiction, *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 807 (7th Cir. 2010)), that principle does not apply to mootness, *see Parvati Corp.*, 630 F.3d at 516 (describing mootness as a result of intervening events that occur after the inception of the litigation). Therefore, the Court must determine whether the Airlines' subsequent representations to the Court render their federal claims moot such that the Court now lacks jurisdiction to adjudicate them.

### B. Judicial Admissions

The Union argues that the Airlines' representations trump the injury allegations in the Complaint such that those allegations should no longer be considered. [Dkt. 50 at 4.]

As explained above, a judicial admission is a statement by a party that negates a factual claim the party is making. *Robinson*, 615 F.3d at 872. In order to qualify as a judicial admission, the statement must be "deliberate, clear, and unambiguous." *Id.* A judicial admission is binding on the party making it and "ha[s] the effect of withdrawing a fact from contention." *Keller*, 58 F.3d at 1199. A representation in a filing may be treated as a judicial admission even if it is not made in the context of a pleading or an affidavit. *One Heckler-Koch Rifle*, 629 F.2d at 1253.

The Court finds the Airlines' representations regarding their changed ability to recruit pilots since the filing of the lawsuit to be a judicial admission. The Airlines made a deliberate, clear, and unambiguous representation in a filing to this Court that "since the filing of this lawsuit," certain events have occurred in the industry that "resulted in a significant increase in the number of pilots in the marketplace and an increase in the number of pilots applying to [the Airlines]." [Dkt. 45 at 1.] For that reason, the Airlines withdrew their emergency request for a preliminary injunction because that relief was no longer necessary. [*Id.* at 1-2.] While the Airlines left open the possibility that they would request injunctive relief in the future, their unambiguous admission that they can, in fact, currently recruit a sufficient number of pilots to operate despite the existence of the Union's Website directly contradicts the allegations in their Complaint that they are unable to do so. [*See, e.g.*, dkt. 1 at 6 ¶ 26 (alleging that unless the Court enjoins the Union's operation of the Website, the Airlines will "continue to suffer disruption to their pilot hiring process and thus their ability to provide service").] Because this admission contradicts the

Airlines' crucial injury allegations—the sole injury allegations the Airlines rely upon in asserting its federal claims—those contentions are withdrawn from consideration and, consequently, the Airlines' federal claims are moot.[3] Any related injury that the Airlines may suffer in the future is too speculative at this point, in that it would depend on uncertain market and economic influences affecting the sufficient number of pilots currently seeking employment. Accordingly, the Airlines' federal claims must be dismissed for lack of jurisdiction.[4]

### C. State Law Claims

The Union asks that the Court relinquish supplemental jurisdiction over the Airlines' state law claims if the federal claims are dismissed, as they have been. [Dkt. 31-1 at 1, 15.] The Airlines acknowledge this argument but do not substantively respond to it. [Dkt. 48 at 4 n.1.]

If a case is originally filed in federal court and the Court determines that it will not exercise supplemental jurisdiction over the remaining state law claims, the proper course is to dismiss those claims without prejudice, not remand them to state court. *Harvey v. Town of Merrillville*, 649 F.3d 526, 533 (7th Cir. 2011). The district court ultimately has discretion whether to exercise supplemental jurisdiction over a plaintiff's state law claims. *Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 129 S. Ct. 1862, 1866 (2009); 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."). When deciding whether to exercise supplemental jurisdiction, "'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City*

---

[3] The federal claims are the only claims at issue in the Union's motion to dismiss. [Dkt. 31-1 at 1, 15.] For the reasons discussed below, the Court declines to exercise supplemental jurisdiction over the state law claims.

[4] Because the Court concludes that the Airlines' federal claims are moot, the Court will not address the Union's arguments that the Website content does not violate the RLA or that it is protected by the First Amendment.

*of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173, (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). It is well-established that the usual practice is to dismiss the state supplemental claims without prejudice. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999).

Here, the relevant principles weigh in favor of the Court dismissing the Airlines' state law claims without prejudice. Judicial economy favors the state court deciding the remaining issues of state law—this case was filed less than four months ago and allowing the state court to adjudicate the state law claims will not result in substantial duplication of judicial efforts. Likewise, dismissing the state law claims without prejudice is not inconvenient to the parties because there is no evidence that significant efforts have been expended during this short-lived litigation. Finally, the Court finds no fairness or comity concerns that weigh in favor of this Court retaining supplemental jurisdiction.

For these reasons, the Court, in its discretion, declines to exercise supplemental jurisdiction over the Airlines' remaining state law claims and dismisses those claims pursuant to 28 U.S.C. § 1367(c) without prejudice for the Airlines to refile them in state court should they choose to do so.

## IV.
### CONCLUSION

For the reasons detailed herein, the Union's Motion to Dismiss is **GRANTED** because the Airlines' federal claims are moot and therefore **DISMISSED** for lack of jurisdiction. [Dkt. 31.] The Court declines to exercise supplemental jurisdiction over the Airlines' state law claims and, accordingly, they are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c). Because the Court did not adjudicate the merits of the Airlines' claims, no judgment is necessary. The Clerk is directed to close this case in the Court's electronic filing system.

07/13/2012

*Signature*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

David J. Carr
ICE MILLER LLP
david.carr@icemiller.com

Stephen J. Feinberg
BAPTISTE & WILDER, P.C.
sfeinberg@bapwild.com

Dannie B. Fogleman
FORD & HARRISON LLP
dfogleman@fordharrison.com

Geoffrey S. Lohman
FILLENWARTH DENNERLINE GROTH & TOWE LLP
glohman@fdgtlaborlaw.com

Stephen Elliot Reynolds
ICE MILLER LLP
stephen.reynolds@icemiller.com

William Randell Wilder
BAPTISTE & WILDER, P.C.
wwilder@bapwild.com